No. 83914.

District Court of the United States for the District of Columbia.

Nov. 2, 1936.

**ALSTON v. SECURITY SAVINGS & COMMERCIAL BANK et al.**

Civ. A. No. 3583.

District Court of the United States for the District of Columbia.

Oct. 10, 1939.

Emory B. Smith, of Washington, D. C., for plaintiff.

Julius I. Peyser and Aaron W. Jacobson, both of Washington, D. C., for defendants.

PROCTOR, Associate Justice.

1. On Motions of Defendant to Deposit Funds with Court.

Although plaintiff opposes these motions, the fact that they are made is evidence that defendant objects to carrying the accounts any longer and wishes to be relieved of any further burdens concerning the same by depositing the funds in court as provided by Federal Rules of Civil Procedure, rule 67, 28 U.S.C.A. Presumably, they would have had the right at any time during Bergens' life to return the funds to him; hence, I see no reason to deny them the right to take advantage of Rule 67 and deposit the funds in court. Therefore, the several motions of defendant will be granted.

2. On Motions of Plaintiff for Summary Judgment.

I do not think that summary judgment should be entered upon the present record. As a necessary precaution in protecting any possible claims of others, notice by publication should be given to all persons interested of the nature and objects of the present suit and warning them to appear and show cause on or before a definite date why the prayers of the complaint should not be granted. This notice should be published in a newspaper of general circulation three successive weeks. Actual notice should also be given to all persons who are known or suspected to be creditors of the decedent Bergens. When this is done and proper proof made through the publication and service of these notices, the court will take proof in support of the allegations of the complaint and then consider the entry of judgment.